**In the Matter of TOBIN RANCH, INC., Debtor.**

**Bankruptcy No. BK87–2102.**

United States Bankruptcy Court, D. Nebraska.

Dec. 2, 1987.

Michael G. Helms, Omaha, Neb., for debtor.

Gerald Buechler, Omaha, Neb., for FDIC.

### MEMORANDUM OPINION

TIMOTHY J. MAHONEY, Bankruptcy Judge.

Tobin Ranch has filed a petition for relief pursuant to Chapter 12 of the Code. FDIC moved to dismiss on the grounds debtor is not a family farmer. Hearing was held on November 30, 1987, at which Michael G. Helms of Omaha, Nebraska, appeared for the debtor. Gerald Buechler of Omaha, Nebraska, appeared for FDIC.

## Facts

The farming operation of Tobin Ranch, Inc., includes renting crop land on a share crop basis; entering into and complying with requirements of "CRP", a government program; renting pasture land.

Tobin Ranch, Inc., is a corporation whose stock is owned by Paul and Carol Tobin, 50%, and Leo Tobin Farms, Inc., 50%. Leo Tobin Farms, Inc., is owned by Paul Tobin and his three sisters.

## Issue

The issue on the FDIC motion to dismiss is twofold:

1. Does Tobin Ranch, Inc., conduct a farming operation;
2. Is more than 50% of the stock or equity of Tobin Ranch, Inc., owned by one family or the relatives of the members of such family?

## Discussion and Decision

■ The Tobin family has chosen to do business in the corporate form. Congress drafted Chapter 12 and the definition of family farmer under 11 U.S.C. Section 101(17) to permit corporations to be eligible for relief under the chapter. The Court believes the crop share rental arrangement between Tobin Ranch, Inc., and its tenants satisfies the "farming operation" requirement of the definition because debtor has the risk of nonpayment if the crop fails.

■ However, to find that more than 50% of the stock or equity of Tobin Ranch, Inc., is held by one family or the relatives of members of such family would require the Court to find that Leo Tobin Farms, Inc., is not truly a corporation, but is simply Paul Tobin and his sisters doing business under a corporate name only. The evidence convinces the Court that Leo Tobin Farms, Inc., is a corporation which has been in existence for many years. Its stock is owned by four people. It operates and has historically operated as a business separate and distinct from its shareholders and separate and distinct from Tobin Ranch, Inc.

Leo Tobin Farms, Inc., is not a "relative" of any member of the Tobin human family.

Leo Tobin Farms, Inc., owns 50% of the outstanding shares of Tobin Ranch, Inc.

To be eligible as a family farmer, 11 U.S.C. Section 101(17) requires a corporation's majority ownership to be held by human beings. The statute refers to "family and the relatives of the members of such family," not to corporations which hold stock interests in the alleged debtor.

This rule seems harsh. However, Congress wrote the law. If Congress wanted corporations whose stock was held 50% by human beings and 50% by other entities, it could have said so. It could have changed the percentage of ownership, but it did not. This Court will not assume Leo Tobin Farms, Inc., is the mere alter ego of its shareholders, nor will it assume Congress meant "50%" when it said "more than 50%."

Tobin Ranch, Inc., does not qualify as a family farmer under Chapter 12. Motion of FDIC to dismiss is sustained. Separate Journal Entry to be entered.