**In the Matter of Karl and Alene KRUEGER, Debtors.**

**Bankruptcy No. BK88–40123.**

United States Bankruptcy Court, D. Nebraska.

Sept. 30, 1988.

Richard Lydick, trustee.

W. Eric Wood.

Jim Titus.

## MEMORANDUM OPINION

JOHN C. MINAHAN, Jr.,
Bankruptcy Judge.

THIS MATTER came before the court on Trustee's Motion to Dismiss (Fil. # 20) on the basis that debtors do not meet the income requirements to qualify as "family farmers" under 11 U.S.C. § 101(17), and Confirmation of Debtors' Plan, as amended, (Fil. # 30 and # 34). The only issue is whether or not more than fifty (50%) percent of the debtors' gross income is derived from the farming operation as required by 11 U.S.C. §§ 109(f) and 101(17) & (20), as a condition to eligibility for Chapter 12 relief.

## FINDINGS OF FACT

Debtors filed a petition in bankruptcy under 11 U.S.C. § 1201 *et seq.* in February, 1988. There are no issues as to the facts that more than eighty (80%) percent of debtors' debts arose out of the farm operation or that their total debt is less than $1,500,000.00. Eligibility for Chapter 12 depends on whether fifty (50%) percent of debtors' 1987 gross income was from farming operations under § 101(20). Debtor's affidavit submitted to the court at the confirmation hearing states the following income for 1987:

| | |
|---|---|
| $ 1,253.00 | — Crops sold in debtors' name |
| $ 1,427.00 | — ASCS Benefits |
| $ 3,360.00 | — Pasture Rents |
| $ 9,549.00 | — Crop Proceeds from Renter |
| $13,239.00 | — Joint Off–Farm Income |
| $28,828.00 | — Total Gross Income |

Debtor testified at his § 341 hearing, that some of the rental income he received from the farm was "cash rent." However, as clarified later by debtor's affidavit, the $9,549.00 "cash rent" paid to the debtor was actually the proceeds of fifteen (15%) percent of the crop harvested, less debtor's share of the fertilizer and fuel in 1986, and one-third of the milo and beet proceeds, and one-half of the corn proceeds for the 1987 crop year.

## CONCLUSIONS OF LAW

In order to be eligible for a Chapter 12 bankruptcy, the debtor must establish, among other things required by 11 U.S.C. §§ 109, 101(17) & (20) that: 50 percent of debtors' gross income for the taxable year

preceding the taxable year of the bankruptcy case filing, was received from farming operations.

■ Since the $9,349.00 received by debtor was based upon a percentage of the crop harvested, the debtor experienced the risks inherent in growing crops. Thus, the $9,349.00 constitutes income derived from farming operation under § 101(20). See *Matter of Armstrong*, 812 F.2d 1024 (7th Cir.1987); *In the Matter of Tobin Ranch*, 80 B.R. 166 (Bkrtcy.D.Neb.1980).

■ However, $3,360.00 of debtors' gross income was derived from pasture rent. Rental income from pasture rent is not considered income derived from farming operations, since the risks inherent in farming are not present where pasture land is rented for cash. See *In the Matter of Haschke*, 77 B.R. 223 (Bkrtcy.D.Neb. 1987); *Matter of Mary Freese Farms, Inc.*, 73 B.R. 508 (Bkrtcy.N.D.Iowa 1987). Courts are divided on this question.

■ Some courts consider cash rent to be income from farming operations under § 101(20), if the "totality of circumstances" indicate that Chapter 12 should be available to the debtor because the particular debtor is in the class of farmers Congress sought to protect by enacting Chapter 12. Under the "totality of circumstances" approach, bankruptcy courts consider a variety of factors in determining eligibility. See *Matter of Burke*, 81 B.R. 971 (Bkrtcy.S.D.Iowa 1987) (court adopts "totality of circumstances" approach after reviewing and summarizing decisional law).

This court respectfully submits that it is not appropriate for courts to consider "a number of factors" in determining whether a debtor meets the statutory eligibility income standards. Congress already considered the question of eligibility and prescribed that to be eligible for Chapter 12, 50 percent of gross income received in the preceding year must be from farming operations. The courts must apply, not modify, this statutory income standard.

Under *Matter of Burke, supra* the bankruptcy court concluded:

Income received from a cash rent arrangement will be farm income in the case of an individual or individual and spouse only if the evidence reveals that past farming activities have been more than short term or sporadic and that any cessation of farming activities is temporary. Consideration will be given to the reason for the cessation (inability to obtain operating credit versus new nonfarm venture); the extent of the cessation (leasing a portion of the farm in an effort to scale back the operation versus leasing the entire farm); and the relationship to the tenant (leasing to family members as opposed to leasing to nonrelated individuals or entities).

Cash rent arrangements with non family members and non relatives will create a rebuttable presumption that a corporate or partnership debtor is not engaged in farming. Such arrangement with family members or relatives will create a rebuttable presumption that the debtor is engaged in farming.

This approach to determining whether cash rent is income derived from farming operations is inconsistent with 11 U.S.C. § 101(17) because the court considered debtor's rental activities and circumstances over several years whereas § 101(17) determines eligibility for Chapter 12 by looking to the previous year's income. The "totality of circumstances" approach to cash rent is inconsistent with 11 U.S.C. § 101(17). Congress elected not to define eligibility in terms of the totality of a farmer's circumstances. Rather, eligibility for Chapter 12 is to be determined by reference to facts that are easily ascertained and difficult to dispute:

1. Aggregate debts must be limited to $1,500,000.00;

2. Eighty percent of those debts must arise out of farming operations; and

3. Fifty percent of gross income in the preceding year must be from farming operations.

Congress identified the sole criteria to be applied in determining eligibility for Chapter 12.

The "totality of circumstances" approach to eligibility questions is inconsistent with the statutory standards. It gives bankruptcy judges enormous discretion to determine eligibility for Chapter 12 by reference to unspecified criteria which may involve consideration of a myriad of disputable facts.

Whether or not particular income constitutes income derived from farming operations should be determined by application of the analysis of the Seventh Circuit Court of Appeals as set forth in *Matter of Armstrong, supra.*

Rental income from pasture rent should not be considered income from farming operations under 11 U.S.C. § 101(17) and (20) because the amount of rent is not dependent upon risks associated with farming. In a cash rent arrangement, a farmer is acting in the capacity of lessor and is paid a liquidated amount for the use of the pasture. Chapter 12 is for the benefit of family farmers not part-time farmers, investors and landlords. The eligibility standards set forth in § 101(17) and (20) are the standards to be applied in determining qualifications as a family farmer.

The court concludes that the $3,360.00 pasture rent and the $13,239.00 joint off farm income do not qualify as income from farming operation in this case.

Because debtors' income from farming operations does not bring in 50 percent of the gross income, debtors do not qualify as family farmers under 11 U.S.C. § 101(17)(A) and do not qualify for relief under Chapter 12 by 11 U.S.C. § 109(f).

## CONCLUSION

IT IS ORDERED, that on the basis of the above findings of fact and conclusions of law, this case should be and hereby is dismissed. The Trustee's Motion (Fil. # 20) is sustained. Debtors' plan cannot be confirmed.